# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9529 | **DATE** | June 23, 2003 |
| **CASE TITLE** | Santa's Best Craft v John L. Janning, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Memorandum opinion and order entered. Defendants' motion to dismiss is denied. Defendants' motion to transfer the instant case to the U.S.D.C. for the District of Ohio is *granted*.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUN 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | MR | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| GDS | courtroom deputy's initials | 03 JUN 27 PM 1:01 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANTA'S BEST CRAFT, LLC, an Illinois limited )
liability corporation, )
)
    Plaintiff, )
) No. 02 C 9529
v. )
) Judge Robert W. Gettleman
JOHN L. JANNING, and JLJ, INC., an Ohio )
corporation, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Santa's Best Craft, LLC has brought a six count complaint against defendants John L. Janning ("Janning") and JLJ, Inc. ("JLJ") alleging that defendants made misleading statements about plaintiff's products in violation of the Illinois Uniform Deceptive Trade Practices Act, and the Illinois Consumer Fraud Act, and constituting commercial disparagement and defamation. Defendants have moved pursuant to Fed.R.Civ.P. 12(b)(3) to dismiss for improper venue, or in the alternative pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Southern District of Ohio. For the reasons stated below, the court denies defendants' motion to dismiss and grants defendants' motion to transfer.

## FACTS

Plaintiff is a limited liability company, with its principle headquarters in Northfield, Illinois, that manufacturers and supplies decorative Christmas lights. Defendant Janning, a resident of Ohio, is the owner of JLJ, which has its principle headquarters in Dayton, Ohio. Defendant JLJ also manufactures and sells decorative Christmas lights and is a competitor of plaintiff.

Plaintiff introduced "Stay-On" decorative lights in 2002. According to plaintiff, defendants targeted plaintiff's customers with letters that contained false and misleading information regarding the "Stay-On" lights. The complaint alleges that defendants also published a notice on the internet around December 2002 stating that plaintiff's lights were not as reliable as defendants' "Stay-lit" lights, and that complaints about the "Stay-On" lights should be directed to the Federal Trade Commission. Plaintiff also alleges that defendant Janning sent letters to Underwriters Laboratory in Illinois and to the Attorney General of Illinois stating that plaintiff's lights were dangerous.

After defendant made the alleged false statements about plaintiff's "Stay-On" lights, JLJ and its licensee, Inliten, LLC, an Illinois corporation, filed a lawsuit against plaintiff in the Southern District of Ohio. In that lawsuit, JLJ alleged that plaintiff had violated trademark and unfair competition laws and were in violation of the Ohio Deceptive Trade Practices Act. The complaint alleges that plaintiff's lights have many of the same problems that plaintiff alleges constitute the false statements supporting the instant complaint. Plaintiff attempted to have the case in the Southern District of Ohio transferred to the Northern District of Illinois, but failed. Plaintiff then filed the instant case asserting that, "venue is proper in the Northern District of Illinois because a substantial part of the events giving rise to this claim take place in the state of Illinois."

## DISCUSSION

Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(3), asserting that venue is improper in the Northern District of Illinois. Plaintiff bears the burden of establishing proper venue. *Davis v. Howse*, 2003 WL 21317289, at *2 (N.D. Ill. June 5, 2003). In its complaint and brief plaintiff attempts to establish venue pursuant to 28 U.S.C. § 1391(b), which prescribes venue for actions not founded solely on diversity of citizenship. Because diversity is the only basis asserted

for this court's subject matter jurisdiction, the proper venue statute is 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendants reside, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Because both defendant JLJ and defendant Janning are residents of the Southern District of Ohio, venue is proper there pursuant to 28 U.S.C. § 1391(a)(1), and cannot be asserted elsewhere under 28 U.S.C. § 1391(a)(3). Plaintiff argues that venue is also proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to the cause of action occurred there.

To support this claim, plaintiff points to two letters sent by defendant Janning on JLJ letterhead to Underwriters Laboratory and to the Illinois Attorney General, both of whom are located in the Northern District of Illinois. The letters allegedly contained defamatory comments about plaintiff's "Stay-On" lights. Relying on *Calder v. Jones*, 465 U.S. 783, 788-89 (1984), and *Indianapolis Colts Inc. v. Metropolitan Baltimore Football Club*, 34 F.3d 410 (7th Cir. 1994), plaintiff argues that torts such as defamation occur where the injury is felt, and therefore defendants must "reasonably anticipate being hauled into court there" to answer for the truth of their statements. *Calder* and *Indianapolis Colts* are personal jurisdiction cases, however, dealing with whether the defendants were amenable to suit in a particular state under the Due Process Clause, not whether the suit was brought in the proper judicial district pursuant to 28 U.S.C. § 1391. Indeed, venue in the

proper federal judicial district was never an issue in *Calder* because it was a state court case. *Calder*, 465 U.S. at 787-88.

The issue then is not, as plaintiff asserts, simply whether plaintiff has suffered injury in Illinois making defendant amenable to suit in the state, but whether a substantial part of the events giving rise to the claim of defamation occurred in the Northern District of Illinois. Two allegedly defamatory letters were published in this district. Because defamation occurs where the allegedly defamatory statement is published, *see Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 915-16 (7th Cir. 1995), at least two alleged instances of defamation occurred here. Additionally, because plaintiff is located here, the injury (if any) from the defamation was incurred in this district. Thus, the court concludes that a substantial part of the events giving rise to the claim occurred in the Northern District of Illinois. Accordingly, defendants' motion to dismiss for lack of venue is denied.

Defendant next argues that even if venue is proper in this district, the case should be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witness, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to 28 U.S.C. § 1404(a), a court may transfer a civil action to another district when: (1) venue is proper in both the transferor and the transferee courts; (2) transfer serves the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Symons Corp. v. Southern Forming and Supply, Inc.*, 954 F.Supp. 184, 186 (N.D. Ill. 1997). For the reasons that follow, the court transfers the instant action to the Southern District of Ohio.

As noted previously venue is proper in the Southern District of Ohio and in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(a)(1) and 1391(a)(2). Plaintiff does not dispute that venue is proper in the Southern District of Ohio.

In evaluating the convenience of parties and witnesses, the court looks to private and public interests. The private interests include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the ease of access to sources of proof; (4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigation in a particular forum. *Georgouses v. NaTec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D.Ill. 1997).

Plaintiff has chosen its home forum, the Northern District of Illinois. While a plaintiff's choice of forum is generally entitled to substantial weight, especially when it is its home forum, defendant argues that plaintiff's choice becomes less important when it has "relatively weak connections with the objective facts giving rise to the claim." *Berol Corp. v. BIC Corp.*, 2002 WL 1466829, at *4 (N.D.Ill. July 8, 2002). Given that a substantial portion of the events giving rise to the claim occurred in this district, the court concludes that plaintiff's choice of forum is entitled to substantial weight. The plaintiff's choice can be overcome, however, if defendant shows that, "the inconvenience to the parties and witnesses and the dictates of justice are substantial enough to overcome the presumption in favor of [the plaintiff's home forum]." *FUL Inc. v. Unified School Dist. Number 204*, 839 F. Supp 1307, 1311 (N.D. Ill. 1993).

The second factor addresses situs of material events. Although a substantial number of events giving rise to the plaintiff's claim occurred here, a far greater number occurred in the

Southern District of Ohio. The defendants are located there and the allegedly defamatory letters were written there. The website, on which defendants allegedly published the defamatory statements that are available worldwide, is centered and maintained there. The tests conducted by defendants, upon which they rely for the truth of their statements, and which are at the heart of both pending cases, were conducted in defendant Janning's lab located in the Southern District of Ohio. Thus, the central situs of material events is in Ohio, favoring transfer.

The third factor, sources of proof, also strongly favors transfer. Plaintiff asserts that all its evidence is currently in Illinois. All of defendants' evidence is, of course, located in Ohio. The factor would thus appear to be a wash, except for the fact that the parties are already litigating a related case in the Southern District of Ohio. Therefore, all of plaintiff's evidence currently located in Illinois will have to be transferred to Ohio regardless of where the instant case is located. Because all sources of proof will ultimately be in Ohio, this factor favors transfer.

The fourth and fifth factors, which address the availability of compulsory process and convenience of the parties, also favor transfer of the instant case. First, although plaintiff is located here, it is currently litigating related issues in the Southern District of Ohio. Therefore, there is little or no inconvenience to plaintiff to have to litigate the instant case there as well. Indeed, it will be more convenient for the witnesses in plaintiff's control to have to testify only once. The Southern District of Ohio is obviously more convenient for defendants. The parties have not identified any unwilling third party witnesses outside the compulsory process of either court, but transfer obviously will be more convenient for third party witnesses because they will again have to testify only once.

The court must also consider the public interest factors, which include: (a) the relation of the community to the occurrence at issue in the litigation and the desirability of resolving the

6

controversies in their locale; (b) the court's familiarity with the applicable law; and (c) the congestion of respective court dockets and the prospect for earlier trial. *Georgoueses*, 963 F.Supp. at 730.

The first factor, the relation of the community to the occurrence at issue is a wash. The products are being sold nationwide; therefore, both communities have an interest in the litigation. The second factor weighs only slightly in favor of plaintiff. Certainly, this court is more familiar with Illinois law than the court in Ohio. The fact that the law of the transferor court follows the case, however, necessarily implies that there are situations when transfer is appropriate even though the transferee court will be called upon to apply "foreign" law. *Riviera Finance v. Trucking Services, Inc.*, 904 F.Supp. 837, 839 (N.D. Ill. 1995). Moreover, plaintiff's primary claim is based on the Illinois Uniform Deceptive Trade Practices Act, which is identical to the Ohio Uniform Deceptive Trade Practices Act. *See Blue Cross and Blue Shield v. Schmidt*, 1996 WL 71006 *3 (1996).

The third factor weighs the time it takes for a case to be tried. The median time interval from filing a civil case and trial in the Northern District of Illinois is 26.0 months. www.uscourts.gov/fcmstat/. The median time in the Southern District of Ohio is 23.0 months. *Id.* The three month difference is minimal, making this factor neutral.

The final issue to consider when determining if a case should be transferred is the interest of justice, which requires the court to examine the necessity to apply state law, the likelihood of an earlier trial, and conservation of judicial resources. *FUL Inc.*, 839 F. Supp at 1311. The first two factors have been discussed above and are basically neutral. The conservation of judicial resources, however, favors transfer to the Southern District of Ohio. The case filed by defendant JLJ against plaintiff in the Southern District of Ohio contains similar factual and legal issues as the instant case.

Plaintiff admits that while they are not identical cases, they are related. The cases have many of the same witnesses, and both cases will require comparison of the "Stay-On" lights versus the "Stay-Lit" lights. Transfer will limit the amount of judicial resources being utilized, making the transfer beneficial for judicial economy. Additionally, there is less of a chance for inconsistent judgments if the cases are tried together.

Finally, plaintiff's argument that the cases should not be tried together because the jury will be confused as to which party has the burden of proof on each issue is specious. Taken literally, plaintiff argues that a defendant's counterclaims (even compulsory counterclaims) should be tried separately from the plaintiff's complaint because juries will be unable to understand which party has the burden of proof on each issue. Although Fed.R.Civ.P. 42(b) allows for separate trials on counterclaims, it is not common practice, and juries are often given cases with more than one issue and shifting burdens, and are able to differentiate between each issue and burden.

As set forth above, only one factor, plaintiff's choice of forum, favors against transfer. All other factors, particularly the interest of justice, strongly favor transfer. Accordingly, the court transfers the instant case to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).[1]

---

[1] Even if venue had not been found proper in the Northern District of Illinois, the court would transfer the instant case pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is denied. Defendants' motion to transfer the instant case to the Southern District of Ohio is granted.

**ENTER:** June 23, 2003

Robert W. Gettleman
United States District Judge